AMOR v. DIAZ

(April 5, 1930. Opinion and Decree.)

Quintero & Ritter, of New Orleans, attorneys for plaintiff, appellant.

Prowell, McBride & Ray, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. Plaintiff sues defendant for possession of a police dog, which he alleges belongs to him. The dog was seized under a writ of sequestration by the sheriff, and the defendant bonded the writ by furnishing a forthcoming bond for the sum of $500. The plaintiff then filed a supplemental petition reiterating his original demand that he be declared the owner of the dog, and, in the alternative, that he have a money judgment against the defendant for the sum of $700, which he alleges to be the value of the dog. The defendant filed a general denial.

On the trial of the merits, the court below dismissed the suit and plaintiff has appealed.

The record shows that some time about the middle of August, 1924, the plaintiff purchased a German police dog from a Mr. Baker in Chicago, Ill., for the sum of $160. The plaintiff was renting an apartment on Prytania street, and, due to the fact that his housekeeper refused to attend to the dog, and the further fact that he did not have a proper place to keep it, he decided to sell the dog to the defendant for the sum of $160, plus $40 express charges and maintenance of the dog, making a total of $200. On September 3, 1924, a written agreement was signed by the plaintiff and defendant whereby the plaintiff agreed to sell and deliver the police dog to the defendant for the sum of $200, $100 cash, the balance represented by a promissory note for the sum of $100, payable on September 30, 1924.

Somewhere between the dates of September 7 and 10, 1924, plaintiff contends that he and the defendant verbally agreed to rescind the contract of sale and, accordingly, he returned the defendant the sum of $100, represented by his check for that sum, and also the note and contract of sale.

Defendant denies that there was any rescission of the contract of sale, and contends that the plaintiff insisted upon the defendant returning the dog, and, upon refusal of the defendant to do so, the plaintiff, in a fit of rage, threw the papers on a table in defendant's home.

The case presents only a question of fact. The evidence is conflicting on this issue. Plaintiff and his employee testify that the defendant agreed to rescind the contract. Defendant and his wife testified that there never was any agreement effected to rescind the contract. Plaintiff produced one disinterested witness, Mr. Trelles, who testified that defendant stated to him that he was willing to return the dog provided the plaintiff would pay the original price of $200, plus certain other expenses incurred in connection with the dog. He further testified that defendant, while signifying a willingness to return the animal, never stated how much he wanted for it. However, plaintiff in his testimony insists that the agreement to rescind was for a consideration of $200, represented by his check for $100 and the return of defendant's note.

The burden of proving by a preponderance of evidence that there was a meeting of the minds of the parties, resulting in a contract of rescission, was upon the plaintiff. The judge, a quo, rendered judgment in favor of the defendant on the theory that plaintiff had failed to bear the burden of proving his case with that certainty required by law. We find that the evidence preponderates in favor of the defendant.

The judgment appealed from will be affirmed, appellant to pay all costs.